THE UNITED STATES ET AL. v. MARY U.
SCHWALBY ET AL.
No. 511.

1. **Jurisdiction—Suit Against Government—Sovereignty.**—An action of trespass to try title to land occupied as a fort by the United States, brought in a State court against the commanding officer as an individual, is not a suit against the United States, nor an attempt to subject the property of the United States to suit; and the fact that the United States intervened and made itself a party defendant will not oust the jurisdiction of the court, nor will the answer of the defendant asserting authority in himself to hold possession as a military officer of the United States.

2. **Cession of Land to the Government.**—Article 333 of the Revised Statutes, authorizing the Governor of Texas, when the United States shall acquire any land in Texas for certain purposes, to cede jurisdiction over the same, does not authorize him to cede jurisdiction over land to which the United States has no title.

3. **Limitation of Five Years—Payment of Taxes.**—A party owning property exempt from taxation has a right to plead the five years' statute of limitation; and in such cases, proof of payment of the taxes is furnished by the statute of exemption itself.

4. **Innocent Purchaser—Notice to Attorney.**—Where the attorney of the United States, representing it in the purchase of the land in suit, knew of a prior sale and deed of the land, the United States is not an innocent purchaser thereof as against such prior grantee.

ERROR from Bexar.   Tried below before Hon. W. W. KING.

*F. J. Kernan* and *R. U. Culberson*, for plaintiffs in error.—1. The United States or its property can not be sued without the consent of the government expressed by Act of Congress. This is in fact a suit against the United States and its property, the defendants named not being individually liable to suit under the facts and circumstances of this case. Cunningham v. Railway, 109 U. S., 446; Stanley v. Schwalby, 147 U. S., 519.

2. The court erred in overruling defendants' third plea in bar, in holding, that notwithstanding the Governor of the State of Texas had, pursuant to the Act of the Legislature of Texas, ceded exclusive jurisdiction to the United States of America over the land in controversy in this suit, nevertheless the State courts of Texas had jurisdiction to try the title to said land. Const. of U. S., art. 1, sec. 8, clause 17; Rev. Stats. of Texas, arts. 319, 333, 334; Railway v. Lowe, 114 U. S., 525; United States v. Cornell, 2 Mason, 60; 6 Ops. Atty. Gen., 577; 10 Ops. Atty. Gen., 35.

*Geo. C. Altgelt*, for defendants in error.—1. No one sued the United States. Mary Schwalby and Joseph Spence, Jr., sued the trespassers whom they found upon their land, and the United States voluntarily made itself a party defendant. The case, therefore, is like the case of the United States v. Lee, 106 United States, 196, known as the Arlington case.

2.  If the facts which the Governor supposed to exist when he ceded jurisdiction did in fact not exist, the cession is of no effect as against the true owner.  The United States government must acquire title first, either by purchase or condemnation.

3.  The court erred in sustaining the plea of the statute of limitations of ten years interposed by the United States of America as against intervenor, because the said United States is not included in the statutes of limitations of Texas, and the same neither bind nor protect the United States.  Rev. Stats., art. 3193; Murphy v. Welder, 58 Texas, 235; Stanley v. Schwalby, 85 Texas, 348; Moore v. City of Waco, 85 Texas, 206.

4.  The court erred in adjudging to the defendant, the United States of America, the value of improvements claimed to have been made in good faith, because the evidence fails to prove that the United States was such a proprietor in good faith as would entitle it to recover the value of improvements made; for this, that the officers of the government had notice of plaintiffs' title, and in placing said improvements upon the land in controversy acted negligently and in disregard of appellees' rights to them known.  Armstrong v. Oppenheimer, 84 Texas, 365; Miller v. Brownson, 50 Texas, 583; Johnson v. Schumacher, 72 Texas, 335; House v. Stone, 64 Texas, 678; Sedg. & Wait, sec. 707, p. 536.

FLY, ASSOCIATE JUSTICE.—This is an action brought by Mrs. Schwalby, joined by her husband, J. A. Schwalby, of trespass to try title to one-third of lot number 1, block number 2, original lot 1, range 4, district 1, San Antonio, Texas, against David S. Stanley and others. Joseph Spence, Jr., intervened, claiming title to one-third of the lot. Stanley and the other original defendants, joined by the United States, who made themselves parties, pleaded not guilty, and that Stanley and the other original defendants were officers in the military service of the United States, and were, as such officers, in possession of the land sued for under and by direction of the President, and not of their volition or wish, and that neither of them ever pretended to hold or have any right of possession as individuals, and did not claim any title to the land as individuals, but that the property belonged to the United States, and that the suit was a palpable device to maintain an action at law against the United States.  The United States specially pleaded their sovereignty, and a lack of authority of the court to try a case against them; that the Governor of Texas had, by authority of the State laws, vested exclusive jurisdiction over the land in the United States, and a State court had no power or authority to make any decree affecting the land.  Limitation of three, five, and ten years, and improvements in good faith, were also pleaded.  Mrs. Schwalby, in a supplemental petition, pleaded coverture in bar of the statutes of limitation.  Mrs. Schwalby also excepted to the answer of the United States, because they were not parties to the suit, and that there was no

authority for them to enter the suit; that the United States had no authority to plead limitation, and that the plea of improvements in good faith was insufficient. The pleas to the jurisdiction and exceptions were all overruled.

The case was tried without a jury, and judgment was rendered against the intervenor, and in favor of Mrs. Schwalby for one-third of the land, and for $126.66, value of its use and occupation, and in favor of the United States for $333.33, value of improvements made in good faith, the usual form of judgment in such cases being followed.

We find the following facts established by the record: It was agreed that Anthony M. Dignowity was the common source of title. On September 13, 1858, said A. M. Dignowity executed to his wife, Amanda J. Dignowity, a general power of attorney authorizing her to sell his real estate, and by virtue of this authority, on May 9, 1860, Amanda J. Dignowity executed to Duncan B. McMillan a warranty deed to the land in question, which was recorded on October 1, 1889. Duncan B. McMillan was a married man when the deed was executed, and he and his wife had five children, two of whom, with the wife, died before he did. He died in February, 1865, leaving surviving three children, Mrs. Schwalby, Mrs. Neely, and D. W. McMillan. Mrs. Neely died in 1878, leaving two children, who are still living. Mrs. Mary U. Schwalby, one of the defendants in error herein, was married to J. A. Schwalby in January, 1871, and was still married to him when this suit was tried. D. W. McMillan, Jr., on March 26, 1889, conveyed his interest in the lot in controversy to Joseph Spence, who intervened in this suit. The will of Anthony M. Dignowity, dated November 16, 1870, and probated April 22, 1875, bequeathed all his property to Amanda J. Dignowity. On May 1, 1875, Amanda J. Dignowity executed a deed to the city of San Antonio, conveying all her right, title, and interest to the lot in controversy, with a special warranty. On June 16, 1875, a warranty deed was executed by the city of San Antonio, conveying to the United States, among other property, lot 1, in block 2, being the land in controversy. This deed was duly recorded on October 21, 1875, and in 1881 or 1882 the United States went into possession of the lot by virtue of the deed, and were occupying, using, and enjoying the same up to the time the suit was instituted, on February 23, 1889. The United States had actual notice that the land had been conveyed by Mrs. Dignowity to Duncan B. McMillan at the time the deed was made to them by the city of San Antonio, and did not make the improvements in good faith. The claim of Joseph Spence was barred by five years' limitation, but Mrs. Schwalby being under the disability of coverture, the statute did not run as to her. On the first trial of this cause, judgment was rendered in favor of Mrs. Schwalby and Spence for two-thirds of the land, the United States not having been permitted to take any benefit from the statutes of limitation. The case was then appealed to the ¦Supreme Court of Texas, where it was held, that the United States could not avail themselves

of the benefits of statutes of limitation, and they were dismissed from the suit. As to the other parties the judgment was affirmed. Stanley v. Schwalby, 85 Texas, 348. On writ of error to the Supreme Court of the United States that judgment was reversed and the cause remanded for another trial. Stanley v. Schwalby, 147 U. S., 264.

It is a settled doctrine, that neither the United States nor any State can be sued without their or its consent, except in a limited class of cases provided for in the National Constitution. The Siren v. The United States, 74 U. S. (7 Wall.), 152; Stanley v. Schwalby, 147 U. S., 508; Cunningham v. Railway, 109 U. S., 446.

It has also been held, in the Cunningham case, in the Siren case, in the Davis case (10 Wallace, 20), and in many others, that "where property in which the State has an interest comes before the court and under its control, in the regular course of judicial administration, without being forcibly taken from the possession of the government, the court will proceed to discharge its duty in regard to that property. And the State, if it choose to come in as plaintiff, as in prize cases, or to intervene in other cases when she may have a lien or other claim on the property, will be permitted to do so, but subject to the rule that her rights will receive the same consideration as any other party interested in the matter, and be subjected in like manner to the judgment of the court."

The first and second assignments of error are not well taken. The United States were not sued, and neither was it attempted to subject the property of the United States to suit, and neither of these propositions was advanced or held by the District Court. Stanley and others were sued individually as trespassers, not as officers of the United States, and the United States voluntarily made themselves parties to the suit. That this suit was properly brought has been decided in a number of cases, and has been reaffirmed in this identical case by the Supreme Court of the United States. United States v. Lee, 106 U. S., 196; Cunningham v. Railway, 109 U. S., 446. The jurisdiction of the court is not ousted because the individuals sued assert authority to hold possession of the property as officers of the United States government. They must show sufficient authority in law to protect them. Mitchell v. Harmony, 13 How., 115; Bates v. Clark, 95 U. S., 204. The mere fact that individuals have been placed in possession by the government would not be a valid defense unless the government had the lawful authority to so place them. As said by Justice Miller in the Lee case: "If such be the law of this country, it sanctions a tyranny which has no existence in the monarchies of Europe, nor in any other government which has a just claim to well regulated liberty and the protection of personal rights."

The third assignment of error is as follows: "The court erred in overruling defendant's third plea in bar, in holding that, notwithstanding the Governor had, pursuant to the Act of the Legislature of Texas, ceded exclusive jurisdiction to the United States of America over the

land in controversy in this suit, nevertheless the State courts of Texas had the jurisdiction to try the title to said land." Or, in other words, the contention is, that the Governor of Texas can, by authority of article 333, Revised Statutes, cede to the United States jurisdiction over the property of the individual citizen, and that jurisdiction is at once vested in the United States, and the State courts could not entertain jurisdiction. The whole authority of the Governor rests upon the hypothesis that the United States has title to the land which he is authorized to proclaim to be within the jurisdiction of the United States. Under the Constitution of the United States, exclusive powers of legislation are given over land purchased by the United States, and without the title being in the United States, the State can not cede jurisdiction to them. If the United States had not obtained title to the land, the governor could not divest the State of its jurisdiction. The construction contended for would place no limitation upon the power of a Governor, and would give such unbridled authority in connection with the lands of the citizens of this State as was never contemplated by the framers of the Federal Constitution or Texas lawmakers. The cases cited by appellant proceed upon the assumption that title by purchase had vested in the United States. Railway v. Lowe, 114 U. S., 525; United States v. Cornell, 2 Mason (U. S. Circuit), 60.

The intervenor, Joseph Spence, by three cross-assignments insists that he should have recovered a portion of the land in controversy, because the United States are neither bound nor protected by the statute of limitations of the State of Texas. What our opinion may have been, independent of a previous adjudication, as to the right of the United States to plead limitations, can be of no practical value, for the reason, that on an appeal of this case to the Supreme Court of the United States it was held that the United States, although not bound by statutes of limitation, are entitled to any benefits arising from them. Stanley v. Schwalby, 147 U. S., 259. If the United States are entitled to take the benefits of statutes of limitation, they could not be deprived of the benefits of the five years statute by the fact that they do not pay taxes.

They are exempted by statute from the payment of taxes (Revised Statutes, article 335), and the object in requiring payment of taxes, in order to take under the statutes of five years, fails as applied to them. It is true that in the case of Moore v. The City of Waco, 85 Texas, 206, it is held, that the city was bound to allege a compliance with the terms of the statute, including the record of the deed and the payment of taxes; and in the same opinion it is held, that a city could acquire title by limitation of five years. This decision was rendered doubtless in view of the fact that all property of municipal corporations is not exempt from taxation, and they should be required to allege and prove either that the taxes had been paid or that it was a species of property upon which no taxes were laid. We do not think that it was in the contemplation of the court in that case to lay down a rule which

would practically prevent any one holding property exempt from taxation from receiving the benefits derived from the statute of limitations of five years. It has been held that the exemption from taxation of land granted to the International & Great Northern Railway Company was a right that was inherent in the property and followed it into the hands of whomsoever became the owner (Railway v. The State, 75 Texas, 356); and the construction contended for by defendants in error would place these owners in the position of not being able to avail themselves of the benefits of the statute of limitation of five years. We are of the opinion, that whenever it is settled that a party owning property exempt from taxation has the right to plead this statute, proof of payment of the taxes is furnished by the statute of exemption itself.

That part of the judgment allowing the United States pay for improvements is assailed through cross-assignments made by Mrs. Schwalby, because the evidence does not show that the value of the land was increased by the improvements made upon it, and for the reason that the evidence fails to show that the improvements were made in good faith. The statute does not award the value of the improvements regardless of anything being added by them to the value of the land, but "only the difference between the value of the land with, and its value without, the improvements." Rev. Stats., art. 4814; Thomas v. Quarles, 64 Texas, 493. If the improvements had been made in good faith, there is evidence to show that the value of the land was increased by the improvements put upon it, and judgment should have been rendered in favor of the United States for the value of the same. Stanley swore, that on his first examination he had placed the value of the lot number 1, block 2, at $2500, but upon further reflection, judging from the sale of similar contiguous lots made a few days since, that the lot number 1, in block number 2, is of the value of $2000, but if the government had not made the improvements, the lot would not be worth $250.

We are of the opinion, however, that the United States was not in contemplation of law an innocent purchaser without notice. A. J. Evans, the attorney who represented them in the purchase of the lot from the city of San Antonio, testified, that he had information of the sale to Duncan B. McMillan, but had satisfied himself that McMillan had not paid the purchase money. Actual notice was thus brought home to the United States, and it would not matter what the character of the deed may have been, they could not claim to be innocent purchasers. If McMillan had not paid the purchase money, that did not place appellants in any better position as to notice. They had actual notice of his claim, and took the risk in making the improvements.

We are therefore of the opinion that the judgment as to the intervenor, and that decreeing one-third of the land to Mrs. Schwalby and giving her $126.66 for use and occupation of the premises, should be affirmed, and that the portion of the judgment relating to the improve-

ments should be reversed, and judgment here rendered granting to Mrs. Schwalby a writ of possession for the land recovered by her, which will be accordingly so done.

*Affirmed in part.*

*Reversed and rendered in part.*

Delivered November 28, 1894.

### ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—The motions for rehearing made by plaintiffs in error and the intervenor Spence will be overruled. The Supreme Court of the United States has settled every point of any importance in this case, and whatever may have been intended by the Supreme Court of Texas in the case of Moore v. The City of Waco, 85 Texas, 206, we are of the opinion, that exemption from taxation would not preclude the owner from successfully setting up the statute of five years' limitation. The very language of the statute, "paying taxes thereon, if any," clearly indicates, that when no taxes are payable, proof of payment would not be required. Rev. Stats., art. 3193.

*Overruled.*

Delivered January 16, 1895.

Writ of error refused.