LANE, Comptroller, v. HEWGLEY.

(Court of Civil Appeals of Texas. San Antonio, May 7, 1913.)

1. INTOXICATING LIQUORS (§ 109*) — REINSTATEMENT OF LICENSE — JURISDICTION OF DISTRICT COURT.

Const. art. 5, § 8, as amended in 1891, giving district courts "such other jurisdiction * * * as may be provided by law," authorizes Rev. Civ. St. 1911, art. 7443, empowering one

aggrieved by action of the Comptroller in annulling a retail liquor license to bring suit against him in the district court to reinstate it.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 119; Dec. Dig. § 109.*]

2. INTOXICATING LIQUORS (§ 109*) — REINSTATEMENT OF LICENSES — APPEAL — STATUTES.

It is not necessary that Rev. Civ. St. 1911, art. 7443, empowering one aggrieved by action of the Comptroller in annulling a retail liquor license to bring suit against him in the district court to reinstate it, expressly provides for an appeal; such suit being a civil action, and article 2078 providing that an appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 119; Dec. Dig. § 109.*]

3. COSTS (§ 96*)—PERSONS LIABLE—STATE OFFICER.

Suit against the Comptroller to reinstate a retail liquor license annulled by him being to all intents and purposes one against the state, costs should be assessed against him as Comptroller, and not personally.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 380; Dec. Dig. § 96.*]

4. JUDGMENT (§ 531*) — CONSTRUCTION — ASSESSMENT OF COSTS—PERSONS LIABLE.

Assessment of costs by the court against "said defendant," previously described as "Comptroller of Public Accounts of the State," evidences an intention to assess them against the officer, and not the individual.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 975; Dec. Dig. § 531.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS AND STATEMENTS.

An assignment of error will be overruled; it being apparent that neither the proposition nor the statement thereunder has any connection with the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. INTOXICATING LIQUORS (§ 109*)—LICENSES — ANNULMENT — SUIT TO REINSTATE — EVIDENCE.

In the absence of anything in the statute indicating it, the suit against the Comptroller, authorized by Rev. Civ. St. 1911, art. 7443, to reinstate a retail liquor license annulled by him is not required to be heard solely on the depositions taken under authority of the Comptroller, pursuant to sections 7436–7442, in the proceedings for the annulment.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 119; Dec. Dig. § 109.*]

7. APPEAL AND ERROR (§ 548*)—REVIEW— NECESSITY OF STATEMENT OF FACTS.

In the absence of a statement of facts, it cannot be said that there was error in admitting evidence of reputation of plaintiff in a suit to reinstate his retail liquor license annulled by the Comptroller, or if there was error that it did, with reasonable certainty, inflict substantial injury on defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

8. APPEAL AND ERROR (§ 548*)—REVIEW— NECESSITY OF STATEMENT OF FACTS.

In the absence of a statement of facts, the sufficiency of the evidence to support the verdict cannot be passed on.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Suit by M. W. Hewgley against W. P. Lane, Comptroller. Judgment for plaintiff; defendant appeals. Affirmed.

See, also, 155 S. W. 348.

B. F. Looney and W. A. Keeling, both of Austin, for appellant.

FLY, C. J. Appellee instituted this suit against appellant, alleging that he had been granted a license to retail liquor near the city line of San Antonio for a period of one year, commencing on or about July 9, 1912; that on or about August 23, 1912, appellant, claiming to have information that appellee had violated the law as to the sale of liquors, issued a commission to a notary public to take testimony in regard to the charge; that appellant found from such testimony that appellee had violated the law on or about August 15, 1912, by selling liquor to Nettie Cochran and Ida Garretson, girls under the age of 21 years, and in permitting them to enter and remain in his place of business, and thereupon annulled the liquor license and the place of business was closed. It was further alleged that appellee had not violated the law as found by appellant, and he prayed for reinstatement of the liquor license. Appellant filed a general demurrer and general denial. The cause was submitted on special issues at the instance and request of appellant, and the jury having answered that the sale of liquor was not made to the minors named judgment was rendered, annulling and setting aside the order of appellant forfeiting the liquor license of appellee. Appellant gave notice of appeal, and obtained an order extending the time in which to file a statement of facts, but if such statement was prepared by appellant and approved by the court it has not been filed in this court.

[1, 2] In an opinion on a motion to dismiss this appeal, it was held by this court that it has jurisdiction to entertain this appeal, under article 7443, Rev. Stats. 1911. The Constitution (article 5, § 8), as amended in 1891, gives district courts, in addition to their enumerated powers, "general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution and such other jurisdiction original and appellate, as may be provided by law." That authority is ample to empower the Legislature to give district courts jurisdiction over suits like the pending one. The law gives the Court of Civil Appeals appellate jurisdiction over all civil cases of which the district courts have original or appellate jurisdiction. We conclude, as in our former opinion, that this cause is a civil case, and that this court has appellate jurisdiction over it. We cannot believe that it was ever contemplated

that the district court should be vested with the authority to set aside and render nugatory the acts of the Comptroller exercised in the control and regulation of the liquor traffic, or have the power given him, on the other hand, to sustain the actions of that official, and appellate courts have no revisory powers over his judgment and decrees. That court is not granted such unbounded power over the rights of the citizen in other cases, and it will not be presumed that it was intended to clothe it with such authority in cases of this character. It is true that the act giving the right to sue in the district court does not say that appeals may be taken from the judgments of the district court in relation thereto, and neither does it so provide in many other cases in which the right to sue is given. The act of the Comptroller in unlawfully revoking a liquor license is an invasion of the civil rights of the citizen, against which he is given by statute the right to invoke the aid of the district court, and when he does so his suit is a civil action, as is the case with other actions where he seeks to protect his rights.

Appellee was authorized by law to "bring a suit," and a suit "is understood to apply to any proceeding in a court of justice by which an individual pursues that remedy which the law affords. The modes may be various; but if a right is litigated in a court of justice the proceeding by which the decision of the court is sought is a suit." Weston v. Charleston, 2 Pet. 464, 7 L. Ed. 481; Kohl v. United States, 91 U. S. 367, 43 L. Ed. 449. The action must be one in a court of justice, and not one before some officer, and in the act authorizing the institution of this suit it is provided that it can be brought "in the district court." That provision easily distinguishes this case from the cases of Hernandez v. State, 135 S. W. 171, and Lane v. Schultz, 146 S. W. 1012, decided by this court. In the first named the appeal was from the action of the county judge, and there being no law permitting an appeal in such a case, and not being a suit, no such right could be inferred. This court held that the action of the county judge was an administrative and not a judicial one, and that no property right was involved, and that no court was given authority to review the action of the county judge. In this case, however, whether property rights are involved or not, the aggrieved party has been given the right to review the action of the Comptroller by a suit in the district court.

In the case of Lane v. Schultz an injunction was sought to restrain the Comptroller from interfering with the business of a liquor dealer, and it was held that if the action of the Comptroller was one "that can be referred to the execution of the powers granted to him by the act the proceeding prescribed by section 9 [article 7443] was the sole reme-

dy that plaintiffs had to set it aside." This suit has been brought under the direct authority of the law, and being a suit, and necessarily a civil suit, and not a criminal action, this court clearly has jurisdiction of it, because it has appellate jurisdiction of all civil cases appealed from the district court; and it is further provided in article 2078, R. S. 1911, that "an appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases." A civil case is a proceeding in a court of justice, in which the plaintiff demands, as against the defendant, the enforcement or protection of a private right or the prevention or redress of a private wrong. This is undoubtedly a civil action, and, as such, appealable to this court.

[3, 4] It has been held by the Texas Supreme Court that a suit against the head of a state department is to all intents and purposes a suit against the state. Stephens v. Railway, 100 Tex. 177, 97 S. W. 309. That suit was against the Comptroller, and consequently, this suit being against the Comptroller it can only be maintained by virtue of the authority given in article 7443. In that article no provision is made for the assessment of costs, and it is complained that the trial court should not have assessed the costs against W. P. Lane as an individual, but as Comptroller. It certainly never was contemplated that an officer commanded to do a certain thing should be made to pay the costs if his action is reversed by a court of justice; for such a rule would bankrupt an officer who should happen to be very vigilant and zealous in following the trail of offenders against liquor traffic laws, and who might not be well trained in weighing evidence and drawing the proper deductions therefrom. However that may be, if in suing the Comptroller appellee sued the state of Texas, wittingly or unwittingly, the individual who happens to be Comptroller should not be compelled to pay the costs of the suit, but the real party should be forced to respond. The state having authorized the suit should bear the burden, as would any other litigant. United States v. Schwalby, 8 Tex. Civ. App. 679, 29 S. W. 90. However, the court evidently intended to assess the costs against the officer, and not the individual, because they are assessed against "said defendant," who prior to that is described as "Comptroller of Public Accounts of the State of Texas."

[5] Appellant, after referring to the action of this court on a motion to dismiss this appeal, states: "On account of the decision of this court on said motion, appellant deems it unnecessary to copy into his brief his first assignment of error," and under the heading "Appellant's Second Assignment of Error" proceeds to copy the first assignment of error. That assignment is as follows: "The court erred in overruling the defendant's general demurrer, because the statute which attempts

to authorize the bringing of this suit in the district court of Bexar county and the statute upon which this proceeding is based is invalid, and is of no force and effect and cannot confer jurisdiction upon this court, and this court is without power and authority to hear and determine this kind of a case on account of the indefiniteness and vagueness of said statute, and because said statute wholly fails to prescribe any procedure or rules by which the court is to be guided in the trial of a case of this nature." Under the assignment is one proposition, as follows: "This action being a special proceeding brought under article 7443 of the Revised Statutes of 1911, for the purpose of allowing the court to review the action of the Comptroller, and said statute containing no provision for a new trial by jury, the hearing should be had by the judge without the intervention of a jury." It is apparent that the proposition has no connection whatever with the assignment of error, nor has the statement thereunder. The assignment will be overruled.

[6] In articles 7436 to 7442, inclusive, R. S. 1911, the Comptroller is clothed with authority to revoke licenses to retail liquor, and the manner and method thereof are prescribed. The manner of taking the necessary evidence is set out, and the Comptroller given authority to act on such evidence so taken. In article 7443 any person aggrieved by the action of the Comptroller in vacating, annulling, and rescinding any such license is authorized to "bring suit in the district court of the county of his residence in Texas against the Comptroller to reinstate such license." It is the contention of the appellant, through the third assignment of error, that no evidence should have been heard in the district court on the trial of the suit except the depositions taken under and by the authority of the Comptroller. The testimony objected to is not set out in the bill of exceptions, only the conclusions of the appellant, based on the testimony being therein contained; and there being no statement of facts filed in this court we are unable to determine whether the evidence could have had any influence in the case or not. It may have been utterly immaterial. However, we are of opinion there is nothing in the statute authorizing the suit against the Comptroller that indicates that the court should hear only the evidence taken by the Comptroller. The law in many instances would offer no redress if the evidence was confined to the testimony taken by or for the Comptroller.

[7] The fourth assignment of error is based on an objection to evidence of the reputation of appellee. In the absence of a statement of facts, this court is unable to see that the court erred in admitting the evidence, and if it did err that such error did, with reasonable certainty, inflict substantial injury on appellant. McCarty v. Wood, 42 Tex. 39; Lockett v. Schurenburg, 60 Tex. 610; Railway v. Edwards, 75 Tex. 334, 12 S. W. 853; Railway v. Lochlin, 87 Tex. 467, 29 S. W. 469.

[8] The sixth assignment of error is overruled. This court cannot pass on the sufficiency of the evidence to support the verdict, in the absence of a statement of facts. It is true that appellant quotes largely from testimony of different witnesses, but we know not "whence it cometh and whither it goeth." We have seen no statement of facts, and consequently cannot consider assignments based thereon.

The judgment will be affirmed; and it is ordered that neither the costs of this court nor of the lower court shall be assessed against W. P. Lane individually, but only against him as Comptroller of Public Accounts of the State of Texas.