LANE, Comptroller, v. CHAPPELL.

(Court of Civil Appeals of Texas. Galveston. June 18, 1913. Rehearing Denied Oct. 9, 1913.)

1. INTOXICATING LIQUORS (§ 106*)—LICENSE—FORFEITURE—ACTION TO REINSTATE—STATUTES — CONSTRUCTION — PROCEDURE — "CAUSE OF ACTION."

Rev. Civ. St. 1911, art. 7443, provides that any person feeling himself aggrieved by the comptroller's action in annulling a liquor license may bring suit in the district court of the county of his residence to reinstate it, and, if the comptroller's order is set aside, then the licensee shall be entitled to pursue his occupation under the license without paying additional tax, etc. *Held*, that a suit under such section was a "cause of action," within Const. art. 5, § 8, as amended in 1891, authorizing the Legislature to confer jurisdiction thereof on the district court; and hence the statute was not invalid for failure to provide the procedure for the trial thereof, the procedure prescribed for the trial of ordinary actions being applicable.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*

For other definitions, see Words and Phrases, vol. 2, pp. 1015–1019; vol. 8, p. 7598.]

2. INTOXICATING LIQUORS (§ 106*)—LICENSE — REVOCATION BY COMPTROLLER — SUIT TO REINSTATE—TRIAL.

Since plaintiff, in a suit to reinstate a liquor dealer's license forfeited by the comptroller, under Rev. Civ. St. 1911, art. 7443, providing that any person feeling himself aggrieved by the comptroller's action may sue in the district court to reinstate the license, is entitled to a trial de novo, and not merely to a review of the comptroller's action, the jurisdiction of the district court is not limited to a determination of the question whether the action of the comptroller was arbitrary; but the court must determine from all the evidence whether plaintiff violated the conditions of his bond, and in so doing is not bound by the rule which requires an appellate court to sustain the judgment of the trial court, if there is evidence sufficient to support the judgment.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Action by R. L. Chappell against W. P. Lane, Comptroller, to reinstate plaintiff's retail liquor dealer's license. Judgment for plaintiff, and defendant appeals. Affirmed.

B. F. Looney and W. A. Keeling, both of Austin, for appellant.

PLEASANTS, C. J. This suit was brought by appellee against appellant for reinstatement of his license as a retail liquor dealer, which had been forfeited by appellant under the provisions of articles 7436 to 7442, inclusive, of the Revised Statutes of this state. Upon the trial in the court below the evidence taken by deposition under the commission issued by the appellant comptroller, and upon which he acted in adjudging the forfeiture of the license, was by agreement of the parties introduced in evidence, and was the only evidence introduced on the trial. This evidence is conflicting, but was amply sufficient to sustain the finding of the comptroller that appellee had violated the law and the conditions of his liquor dealer's bond by selling liquor to persons under the age of 21 years. The case was tried in the court below without a jury, and judgment rendered in favor of plaintiff reinstating the license theretofore forfeited by the appellant.

[1] By his first assignment of error appellant complains of the ruling of the trial court in not sustaining his special exception

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to plaintiff's petition, challenging the jurisdiction of the court on the ground "that this is a special proceeding, not addressed to the general jurisdiction of the court, and no proper procedure has been prescribed by law to enable the court to exercise its jurisdiction."

Article 7443 of the Revised Statutes, under which this suit was brought, is as follows: "Any person feeling himself aggrieved by the action of the comptroller in vacating, annulling and rescinding such license under this law, may bring suit in the district court of the county of his residence in Texas against the comptroller to reinstate such license, but the business conducted under such license shall be suspended during the pendency of such suit, and shall not be reopened, unless the order of the comptroller shall be set aside by final judgment of the proper court; but, if such order shall be by a final judgment set aside, then such licensee shall have the right to pursue such occupation under such license without paying any additional tax for a period to be added to the time of the license equal to the time his right to do business was suspended."

We think it clear that the suit authorized by this article of the statute is a civil action or cause, and that the Legislature was authorized, under section 8 of article 5 of the Constitution as amended in 1891, to confer upon the district court jurisdiction to hear and determine such cause. Being a "cause of action," as that term is used in the section of the Constitution above cited, the procedure provided for the trial of civil actions in the district court would be applicable, and it was not necessary for the Legislature, in authorizing the suit, to make any special provision as to the method of procedure in such suit. If the suit be regarded as a special proceeding, the article before quoted expressly confers upon the district court jurisdiction of the subject-matter of the suit and of the parties, and if the procedure provided for the trial of ordinary causes of action was not applicable, or sufficient for this proceeding, the district court would be authorized to adopt such rules of procedure, not inconsistent with the Constitution and statutes of this state, as might be necessary to properly try and determine the issues raised by the suit. Ashford v. Goodwin, 103 Tex. 491, 131 S. W. 535, Ann. Cas. 1913A, 699.

[2] Under his second and third assignments of error appellant contends that the judgment of the court below should be reversed, because the evidence upon which appellant acted in revoking appellee's license was sufficient to sustain the finding that appellee had violated the law and the conditions of his bond as charged, and the proceedings conducted by appellant in investigating the charge having been in all respects regular, and there being nothing in the record showing that appellant had abused his discretion in forfeiting said license, the trial court was not authorized to reinstate it. This contention is, in substance, that the proceeding in the district court should be regarded merely as a review of the action of the comptroller in revoking the license, and not a trial de novo for the purpose of determining whether the plaintiff in the suit has violated the conditions of his bond as found by the comptroller.

We do not think the statute should be so construed. It gives a cause of action to the person whose license has been forfeited by the comptroller, not a right of appeal or review by the district court. It confers upon the district court jurisdiction to try the suit brought to reinstate the license, and in such trial its authority is not limited to a determination of the question of whether the action of the comptroller was arbitrary; but the court should determine, from all the evidence adduced, whether the plaintiff has violated the conditions of his bond, and in deciding this question is not bound by the rule which requires an appellate court to sustain the judgment of the lower court, if there is evidence sufficient to support such judgment. In the case of Lane v. Hewgley, 156 S. W. 911, the Court of Civil Appeals for the Fourth District holds that, upon the trial of a suit of this kind in the district court, evidence other than that upon which the comptroller acted might be heard and considered by the court. If this holding is correct, it necessarily follows that the trial in the district court is not confined to a determination of whether the evidence heard by the comptroller was sufficient to sustain his findings; but the district court must determine for itself from all the evidence whether the plaintiff's license was properly forfeited. If, instead of authorizing a suit by the liquor dealer against the comptroller to have his license reinstated, the statute had provided for a revision of the action of the comptroller by direct appeal to the district court, or by a writ of certiorari issued by that court, the court, upon such review of the proceedings by the comptroller, would be only authorized to determine whether the comptroller acted within his jurisdiction and in accordance with the provisions of the statute authorizing him to revoke the license.

Appellant cites a number of cases from other states which hold that, upon a review by a court of the action of an administrative officer or of a special tribunal authorized by law to revoke the license of a liquor dealer for violation of the law regulating the sale of liquor, the only question for the court to determine is whether the special tribunal acted within its jurisdiction and its proceedings were regular; but, under the construction we place upon the statute above quoted, none of these cases are applicable. We think it clear that the Legislature intended by this statute to give the liquor dealer, who might

be dissatisfied with the action of the comptroller in forfeiting his license, the right to a trial in the district court of the question of whether he had forfeited his license by a violation of the law regulating the sale of liquor, and that such trial is governed by the same rules that are applicable to the trial of civil actions in the district court.

The rule which obtains in this state in a suit brought by a railroad to set aside a regulation or rate fixed by the Railroad Commission is not applicable to this case, for the reason that the statute which authorizes the bringing of such suits expressly provides that in such suits the plaintiff must show by clear and satisfactory evidence that the rate regulations, orders, classifications, acts, or charges complained of are unreasonable or unjust. Article 6685, Revised Statutes.

In the view we take of this case, the only ground upon which we could disturb the judgment of the district court upon the facts would be that the judgment is not supported by the evidence, or is so against the great preponderance of the evidence that it is clearly wrong. There is no assignment attacking the judgment upon this ground, and the question of the sufficiency of the evidence to sustain the judgment is not presented.

It follows, from these conclusions, that the judgment should be affirmed; and it has been so ordered.

Affirmed.