LANE, Comptroller, v. HIGGINS.

(Court of Civil Appeals of Texas. Galveston.
June 18, 1913. Rehearing Denied
Oct. 9, 1913.)

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Action by J. E. Higgins against W. P. Lane, Comptroller, to reinstate a liquor license. Judgment for plaintiff, and defendant appeals. Affirmed.

B. F. Looney and W. A. Keeling, both of Austin, for appellant.

PLEASANTS, C. J. This suit was brought by appellee against the appellant for reinstatement of his liquor dealer's license, which had been adjudged forfeited by the appellant in proceedings instituted by him under the provisions of articles 7436 to 7442, inclusive, of the Revised Statutes of this state.

By agreement of parties the evidence taken by deposition under the commission issued by the comptroller, and upon which he acted in revoking appellee's license, was introduced in evidence on the trial of this case, and was the only evidence introduced on the trial. This evidence is conflicting, but is amply sufficient to sustain the finding of the comptroller that appellee had violated the conditions of his liquor dealer's bond by selling liquor to persons under 21 years of age. The trial in the court below without a jury resulted in a judgment in favor of plaintiff reinstating his license.

Appellant attacks the judgment upon three grounds:

First. It is contended that the trial court was without jurisdiction to hear and determine the suit, because this is a special proceeding, and, no method of procedure having been provided by the statute for such proceedings, the court was unable to exercise the jurisdiction sought to be conferred upon it.

The second and third grounds are thus stated in the propositions submitted in the brief:

"Since the evidence obtained by the comptroller and introduced upon the trial of this cause in the district court shows that the comptroller was fully warranted in concluding that plaintiff had knowingly sold intoxicating liquors to minors, and had permitted minors to enter and remain in his place of business, the trial court was not authorized to enter judgment reinstating appellee's license. Especially would this be true since no evidence was introduced in the trial of the case showing that the comptroller abused the discretion lodged in him by law to cancel and annul the liquor license.

"When the evidence introduced in special proceedings to reinstate liquor dealer's license is ample to sustain the findings made by the comptroller, and does not show that the comptroller abused his discretion, the trial court is not authorized to reinstate the license."

Each of the questions presented by this appeal is discussed and decided in the companion case of Lane v. Chappell, 159 S. W. 905, this day decided, and the opinion in that case is referred to for our views upon said questions. For the reasons stated in that opinion, all of appellant's assignments are overruled, and the judgment of the court below is affirmed.

Affirmed.