KLUTH v. LANE, State Comptroller.

(Court of Civil Appeals of Texas. San Antonio. April 1, 1914.)

INTOXICATING LIQUORS (§ 108*)—LICENSES—ACTION TO REINSTATE—EVIDENCE.

The trial of a suit in the district court against the State Comptroller to reinstate a liquor license canceled by him on evidence taken before a notary public is de novo, so that evidence in addition to that taken before the notary is admissible.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

Error to District Court, Guadalupe County; M. Kennon, Judge.

Suit by Herman Kluth against W. P. Lane, State Comptroller. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

H. E. Short, H. H. Weinert, and P. E. Campbell, all of Seguin, for plaintiff in error.

CARL, J. On March 6, 1913, defendant in error, W. P. Lane, Comptroller of the state of Texas, rescinded and canceled the retail malt liquor dealer's license of Herman Kluth, plaintiff in error. The license was canceled by the Comptroller upon the return of evidence taken before J. S. Slaughter, a notary public in and for Guadalupe county, in pursuance of section 9, c. 17, of the Acts of the Thirty-First Legislature (1st Ex. Sess.). Subsequent to the cancellation of the license, on May 2, 1913, plaintiff in error filed suit, as the aggrieved party, in the district court of Guadalupe county to reinstate said license, and upon the trial of the cause the record evidence taken before J. S. Slaughter, justice of the peace for precinct No. 6, Guadalupe county, on February 5, 1913, was introduced. The court refused to permit the introduction of any evidence, except that taken before the justice of the peace and notary public on February 5, 1913, and upon the introduction of said record evidence, which was conflicting as to a violation of the law by Kluth, the court instructed the jury to return a verdict for defendant in error, W. P. Lane. This was done, and Kluth has brought the case here on writ of error.

Kluth was charged with having had his saloon open on Sunday, August 11, 1912, as well as upon September 15, 1912. In the hearing before the justice of the peace, the Comptroller had various witnesses introduced, some of whom testified that they saw the saloon open on the Sundays about which complaint is made, but Kluth himself testified that he did not have the saloon open, and proved by various parties they had never seen the saloon open on Sunday. In the trial in the district court, the plaintiff in error attempted to introduce other evidence, especially his bartender, by whom he offered to show that on the day mentioned he did not have his saloon open; but the trial court declined to hear any evidence except that taken at the aforesaid hearing, and, since the court held that same did not show an abuse of discretion by the Comptroller, the peremptory instruction aforesaid was given and the jury complied with same.

The trial court was evidently of the opinion that the Legislature, in passing the law first above mentioned, intended that the district court should only have the power to determine whether the Comptroller had abused his discretion or had acted in an arbitrary manner in canceling such license. Judgment was rendered in this cause on May 2, 1913, and the case of Lane v. Hewgley, 156 S. W. 911, had not then been decided, nor the still later case of Lane v. Chappell, 159 S. W. 905. In the Hewgley Case, supra, Chief Justice Fly said: "However, we are of opinion there is nothing in the statute authorizing the suit against the Comptroller that indicates that the court should hear only the evidence taken by the Comptroller. The law in many instances would offer no redress if the evidence was confined to the testimony taken by or for the Comptroller."

Again, in the Chappell Case, supra, Chief Justice Pleasants holds that an action like this is a civil suit, and says: "Being a 'cause of action,' as that term is used in the section of the Constitution above cited, the procedure provided for the trial of civil actions in the district court would be applicable, and it was not necessary for the Legislature, in authorizing the suit, to make any special provision as to the method of procedure in such suit. If the suit be regarded as a special proceeding, the article before quoted expressly confers upon the district court jurisdiction of the subject-matter of the suit and of the parties, and if the procedure provided for the trial of ordinary causes of action was not applicable, or sufficient for this proceeding, the district court would be authorized to adopt such rules of procedure, not inconsistent with the Constitution and statutes of this state, as might be necessary to properly try and determine the issues raised by the suit. Ashford v. Goodwin, 103 Tex. 491, 131 S. W. 535, Ann. Cas. 1913A, 699."

The assignment was made in that case that the district court had no power to do any-

thing except review the action of the Comptroller in revoking the license, and could not enter into a trial de novo, "for the purpose of determining whether the plaintiff in the suit has violated the conditions of his bond as found by the Comptroller."

"We do not think the statute should be so construed. It gives a cause of action to the person whose license has been forfeited by the Comptroller, not a right of appeal or review by the district court. It confers upon the district court jurisdiction to try the suit brought to reinstate the license, and in such trial its authority is not limited to a determination of the question of whether the action of the Comptroller was arbitrary; but the court should determine, from all the evidence adduced, whether the plaintiff has violated the conditions of his bond, and in deciding this question is not bound by the rule which requires an appellate court to sustain the judgment of the lower court, if there is evidence sufficient to support such judgment. In the case of Lane v. Hewgley, 156 S. W. 911, the Court of Civil Appeals for the Fourth District holds that, upon the trial of a suit of this kind in the district court, evidence other than that upon which the Comptroller acted might be heard and considered by the court. If this holding is correct, it necessarily follows that the trial in the district court is not confined to a determination of whether the evidence heard by the Comptroller was sufficient to sustain his findings: but the district court must determine for itself from all the evidence whether the plaintiff's license was properly forfeited."

Since even the evidence taken on behalf of the Comptroller was conflicting on the main issue, and since the courts have held that the trial in the district court is not limited to the testimony taken before the notary public, but that it should be a trial de novo, this cause will be reversed and remanded.

The right of trial by jury is vouchsafed by the Constitution with the assurance that it shall remain inviolate, and, when the Legislature provided a method of ex parte proceedings for gathering information necessary for the Comptroller's guidance, it was not intended that the right of trial by jury should be destroyed. If a jury should only be permitted to pass upon the question of whether the Comptroller had acted in an arbitrary manner or had abused his discretion, and at the same time were limited to the testimony taken upon such hearing, at the instance of the Comptroller, the boasted right of trial by jury is an iridescent dream. We do not believe that the Legislature intended any such radical departure from our ancient landmarks, and, if that was the intention, it cannot be done now, and it is to be hoped the time may never come when it may.

We think the court erred in refusing to hear other evidence, and in giving a peremptory instruction for defendant in error. The other matters complained of will doubtless not occur on another trial.

Judgment reversed, and the cause remanded.