

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Coke R. Stevenson
Governor of Texas
Austin, Texas

Dear Governor Stevenson:     Attention: Mr. James H. Colvin
Opinion No. O-4800
Re: Authority of the Governor
to cede to the United
States jurisdiction over
land leased by the City
of Amarillo, Texas, to the
Federal Government.

We acknowledge receipt of your letter dated October 31, 1942, from which we quote as follows:

"Governor Stevenson has received a request from Colonel Edward C. Black, Air Corps Commanding, Army Air Forces Technical Training Command, Amarillo Field, Texas, for a Deed of Cession covering two parcels of land, as shown in the letter of request.

"This land has been leased by the United States from the City of Amarillo. Since the United States Government has not received title to this land, the Governor would like to know whether, under the laws of Texas, such Deed of Cession can be granted.

"Enclosed, you will find the letter from Colonel Black and a photostatic copy of the lease, covering both parcels of land."

Accompanying your letter is a photostatic copy of a lease of certain described land from the City

Hon. Coke R. Stevenson - Page 2

of Amarillo, Texas, to the United States of America and also a letter from Edward C. Black, Colonel Air Corps, to Governor Stevenson requesting a Deed of Cession covering the area described in the lease from which letter we quote as follows:

"The United States has under lease from the City of Amarillo, Texas, two (2) parcels of land. One is known as Amarillo Field, the site of the Aviation Mechanics School, comprising 1496.14 acres, and the other known as English Air Field, comprising 677.47 acres.

"There is enclosed herewith photostatic copy of the one lease covering both areas, together with plans of each area.

"There is contained in the attached lease as required by Article 5247, Vernon's Annotated Revised Civil Statutes of the State of Texas, an accurate description by metes and bounds of the land over which Constitutional Jurisdiction and Exclusive Jurisdiction is requested by this letter to be ceded to the United States.

"In accordance with provisions of Article 5247, supra, application is hereby made to you to cede to the United States Constitutional Jurisdiction and Exclusive Jurisdiction over the lands covered by the attached lease."

The authority vel non of the Governor to grant the application of Colonel Black for a Deed of Cession, covering the area in question, depends upon the applicable provisions of the Constitution of the United States and of the Constitution and Statutes of Texas.

The relevant part of Article I, Section VIII,

Hon. Coke R. Stevenson - Page 3

Clause 17 of the Constitution of the United States reads:

"And to exercise like authority over
all places purchased by the consent of the Legis-
lature of the State in which the same shall be,
for the erection of forts, magazines, arsenals,
dock yards, and other needful buildings."

Article 3, Section 32, Paragraph 35 of the
Constitution of the State of Texas reads:

"No bill, (except general appropria-
tion bills, which may embrace the various sub-
jects and accounts, for and on account of which
money are appropriated) shall contain more than
one subject, which shall be expressed in its
title. But if any subject shall be embraced in
an act, which shall not be expressed in the title,
such act shall be void only as to so much thereof,
as shall not be so expressed."

Article 5242, Vernon's Annotated Civil Statutes
of Texas was enacted by the Legislature of the State of Texas
in 1905. The relevant paragraphs of this Act, including the
caption, reads:

"An Act to authorize the government of the
United States to obtain title to land for all pub-
lic improvements herein named, and to condemn same,
and to define the procedure for such condemnation.

"Be it enacted by the Legislature of the
State of Texas:

"Section 1. That the United States Govern-
ment may purchase, acquire, hold, own, occupy and
possess such lands within the limits of the State of
Texas as they shall deem expedient and may seek to
occupy and hold as sites on which to erect and
maintain light houses, forts, military stations,
magazines, arsenals, dock yards, custom houses,
postoffices, and all other needful public buildings

Hon. Coke R. Stevenson - Page 4

and for the purpose of erecting and constructing dams, locks and dams, for the straightening of streams by making cutoffs, building levies, or for the erection of any other structures or improvements that may become necessary in developing or improving the waterways, rivers and harbors of Texas, and the consent of the Legislature of the State of Texas is hereby expressly given to any such purchase or acquisition made in accordance with the provisions of this bill.

"Section 2. All purchases or acquisitions of land by the United States government for any of the purposes mentioned in the preceding section shall be effected by the proper agent of the United States government with the owners thereof or by any judicial proceedings as hereinafter prescribed; that is to say whenever the owners of the land desired by the United States government cannot agree with the United States authorities thereto authorized upon the price thereto then the said United States government is authorized under the direction of the proper law officer to institute proceedings against the owner of said land or the owners of any interest therein in the county court of the county in which the land may be situated and in the same manner as is provided for the condemnation for right of way for railroads, except as hereinafter indicated.

"Section 3. If the said government of the United States and said owner cannot agree upon the value of said land or the damages thereto caused by the erection or construction of the improvement required, it shall be the duty of the United States officer having the matter in hand and authorized thereto by the United States government to state in writing the real estate and property condemned, the object for which it is to be condemned, the name of the owner thereof and his residence, if known, and file same with the county judge of the county in which said property or a part thereof is situated; providing the owner resides in either county in which the land is situated, the same shall be filed in the county of his residence."

Hon. Coke R. Stevenson - Page 5

Article 5247, Vernon's Revised Civil Statutes of Texas, reads:

"Whenever the United States shall acquire any lands under this title, and shall desire to acquire constitutional jurisdiction over such lands for any purpose authorized herein, it shall be lawful for the Governor, in the name and in behalf of the State, to cede to the United States exclusive jurisdiction over any lands so acquired, when application may be made to him for that purpose, which application shall be in writing and accompanied with the proper evidence of such acquisition, duly authenticated and recorded, containing or having annexed thereto, an accurate description by metes and bounds of the lands sought to be ceded. No such cession shall ever be made except upon the express condition that this State shall retain concurrent jurisdiction with the United States over every portion of the lands so ceded, so far, that all process, civil or criminal(,) issuing under the authority of this State or any of the courts or judicial officers thereof, may be executed by the proper officers of the State, upon any person amenable to the same within the limits of the land so ceded, in like manner and like effect as if no such cession had taken place; and such condition shall be inserted in such instrument of cession."

We fail to find anything in the above quoted constitutional or statutory provisions that would authorize the Governor to cede jurisdiction to the Federal Government over the area covered by the lease in question.

There are words employed in said Article 5242, R. C. S. of Texas, that may be construed to include leased land as well as that acquired by purchase. However, upon examination of this legislation including the title or caption of the Act, it is plain, we think, that the authority granted by the Act is limited to lands acquired by the United States by purchase or through condemnation proceedings.

The San Antonio Court of Civil Appeals in the case of United States v. Schwalby, 29 S. W. 90 (affirmed by the Supreme Court of Texas after having dismissed as to the United States, 30 S. W. 435, and reversed on other grounds by the United States Supreme Court, 40 L. ed. 960, without mentioning this point) states the rule on this subject as follows:

> "The whole authority of the governor
> rests upon the hypothesis that the United
> States has title to the land which he is
> authorized to proclaim within the jurisdiction
> of the United States. Under the Constitution
> of the United States, exclusive powers of legis-
> lation are given over lands purchasdd by the
> United States, and, without the title being in
> the United States, the state cannot cede juris-
> diction to them. If the United States has not
> obtained title to the land, the Governor could
> not divest the state of its jurisdiction. The
> construction contended for would place no
> limitation upon the power of the governor, and
> would give such unbridled authority in connection
> with the lands of the citizens of this state as
> was never contemplated by the framers of the
> Federal constitution or Texas law makers."

In the case of United States v. Tierney, 1 Bond 517, Federal Case No. 16517, it is said:

> "Was the field rented by Kirby to the
> United States a 'place' within the terms of
> the constitution, within or over which the
> United States has 'sole and exclusive juris-
> diction?' There are several reasons why this
> jurisdiction did not exist. The places over
> which exclusive jurisdiction is granted, are
> those which have been purchased by the United
> States for some purpose specified in the
> Constitution, and the grant of power does not
> extend to a place or tract of land rented by
> the government for a temporary purpose."

856

Since under the facts submitted by you, it appears that the United States holds the land in question under a lease, we are of the opinion that the Governor is without legal authority to cede jurisdiction and dominion over said lands.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    E. P. Price
                        Assistant

EPP:BT

APPROVED NOV 17, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE

BY CHAIRMAN