**LUMBERMEN'S RECIPROCAL ASS'N v. TURNER et al. (No. 3405.)**

Court of Civil Appeals of Texas. Texarkana. May 19, 1927.

1. **Master and servant ⬤⇒396—Failure to bring timely suit to set aside award in county of injury held bar, though instituted in another county within time (Rev. St. 1925, art. 8307, § 5; Workmen's Compensation Act [Rev. St. 1925, arts. 8306–8309]).**

Requirement of Rev. St. 1925, art. 8307, § 5, that person dissatisfied with ruling of Industrial Accident Board bring suit in county where injury occurred to set aside final ruling within 20 days after notice to adverse party, *held* to bar suit by employee, who had received compensation under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), where suit was filed in county where injury occurred after time limit, notwithstanding suit was originally instituted within proper time in another county; statute being jurisdictional, and not relating merely to venue.

2. **Master and servant ⬤⇒396—Employer's request to have suit to set aside award transferred to proper county and answer held not waiver of objection to jurisdiction (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5]).**

Right of employer to question jurisdiction of court of county of injury to determine suit to set aside award of Industrial Accident Board, for employee's noncompliance with Workmen's Compensation Act (Rev. St. 1925, art. 8307, § 5), *held* not waived by fact that employer requested transfer of suit to such county for trial and answered to merits.

3. **Master and servant ⬤⇒396—Court does not derive jurisdiction from acts of parties to set aside binding award (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5]).**

Parties may not confer jurisdiction on court to set aside award of Industrial Accident Board which has become binding by Workmen's Compensation Act (Rev. St. 1925, art. 8307, § 5).

4. **Master and servant ⬤⇒416—Industrial Accident Board alone has power over decision, on expiration of time to set aside award (Workmen's Compensation Act [Rev. St. 1925, art. 8307, § 5]).**

After expiration of 20-day period after notice, during which persons dissatisfied with final decision of Industrial Board may bring action to set aside board's decision under Workmen's Compensation Act (Rev. St. 1925, art. 8307, § 5), board alone has power over its decision.

Appeal from District Court, Walker County; Carl T. Harper, Judge.

Action by John Turner and others against the Lumbermen's Reciprocal Association. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

August 5, 1924, appellee John Turner suffered injury to his person in the course of his employment as an employee of the Walker County Lumber Company, a "subscriber," within the meaning of the Workmen's Compensation Law (articles 5246—1 to 5246—91, Vernon's Statutes 1918 Supp.; articles 8306 to 8309, R. S. 1925), and August 21, 1925, the Industrial Accident Board determined he was entitled to receive $567.45 of the appellant association, insurer, as compensation for such injury. Said appellee was not willing to abide by the decision of said board, and by a petition (in which he was joined by his attorney, appellee J. M. Gibson, to whom he had assigned a part of his claim) filed in a district court of Harris county, September 10, 1925, commenced this suit against appellant to recover $4,162.38, which he claimed he was entitled to under said law. It appeared from allegations in said petition that the injury to appellee Turner occurred in Walker county, and in a plea filed October 10, 1925, appellant set up that it did, and prayed that the cause be transferred to that county for trial. The plea was sustained, and the district court of Harris county thereupon, by an order made November 18, 1925, transferred the case to said district court of Walker county, where appellees' said petition was filed November 21, 1925. The appeal is from a judgment of the last-mentioned court in appellees' favor against appellant for $1,671.58.

J. M. Gibson, of Houston, and M. E. Gates, of Huntsville, for appellant.

Andrews, Streetman, Logue & Mobley and S. J. Thomas, all of Houston, and Henson & Thomason, of Huntsville, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Appellant's contention that the court below was without jurisdiction of the suit is on the theory that it was not commenced there within the time required by provisions in section 5 of article 8307, R. S. 1925, as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said [Industrial Accident] Board shall within twenty days after the rendition of said final ruling and decision by said Board give notice to the adverse party and to the Board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision."

It appeared from an indorsement (admitted as evidence over appellant's objection thereto on the ground that it was hearsay) purporting to have been made by a sheriff in his official capacity on a written notice of appellees' unwillingness to abide by the decision of the board that same was served on the board September 2, 1925, and it appeared from a like indorsement (also objected to as hearsay) on a similar notice that same was served on appellant September 3, 1925. There was no

other evidence showing service of the notices. If it should be conceded, and it is not (General Acc. Fire & Life Assurance Corporation v. LaFair, 294 S. W. 247, decided by this court April 7, 1927), that the sheriffs' returns were competent evidence of service of the notices, it would appear that a compliance with the provisions in the statute set out above would have required the suit to have been commenced in Walker county, where the injury to appellee Turner occurred, not later than September 22, 1924, whereas it was not commenced until November 21, 1924, when appellees' petition was filed there.

Appellees insist, and such seems to have been the view taken of the matter by both the district court of Harris county, where the suit was first filed, and the district court of Walker county, where it was tried, that the requirement of the statute was not jurisdictional, but related only to the venue, as was held by the Court of Civil Appeals in United States Fidelity & Guaranty Co. v. Lowry, 219 S. W. 222. But the law has been settled to the contrary of that holding by the decision of the Supreme Court in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, and the answer of the Commission of Appeals in Oilmen's Reciprocal Ass'n v. Franklin, 286 S. W. 195, to questions certified to the Supreme Court by this court. In the Franklin Case, as in this case, the suit was commenced in another county (to wit, Harrison county) than the one in which the employee was injured, and afterwards transferred to the county (to wit, Marion county) where he was injured. In answering the questions certified as stated, the Commission of Appeals said that the requirement of the statute that the suit should be brought in the county where the injury occurred is not (quoting) "a matter of venue, but it is one of jurisdiction"; that the district court of Harrison county erred in transferring the case to Marion county, instead of dismissing it; that the district court of Marion county did not acquire jurisdiction of the case by virtue of the order of transfer made by the district court of Harrison county; and that the district court of Marion county erred in not dismissing the suit to set aside the award of the Industrial Accident Board transferred to it as stated.

[2-4] Appellee insists, further, that appellant is in the attitude of having waived any right it had to question the jurisdiction of the district court of Walker county to hear and determine the suit, by reason of the fact that it asked that same be transferred to that county for trial and "answered to the merits of the cause of action." We do not think the contention should be sustained. It is provided in said section 5 of article 8307, referred to above, that if a party to the final ruling and decision of the board, after giving notice of his unwillingness to abide thereby, "fails

within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto." No right to set aside a decision of the board which has become binding upon the parties was conferred on a court by the Workmen's Compensation Law, and the parties could not by any act of theirs confer such a right. After the expiration of the 20 days in which appellees might have commenced the suit by the terms of the law, but did not, the board alone had power over its decision. Millers' Indemnity Underwriters v. Hayes (Tex. Com. App.) 240 S. W. 904; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Harris v. Tex. Employers' Ass'n (Tex. Civ. App.) 257 S. W. 998; Hood v. Tex. Employers' Ass'n (Tex. Civ. App.) 260 S. W. 243.

The judgment will be reversed, and judgment dismissing appellees' suit will be rendered here.