TINKLE et al. v. LUMBERMEN'S RECIPRO-
CAL ASS'N.  (No. 1568.)

Court of Civil Appeals of Texas. Beaumont.
Oct. 20, 1927.

1. **Master and servant** &#8655;396—Requirement
that suit to set aside award be brought in
county where injury occurred held jurisdic-
tional (Rev. St. 1925, art. 8307, § 5).

Requirement of Rev. St. 1925, art. 8307, § 5, that suit to set aside award of Industrial Accident Board be brought in court of competent jurisdiction in county where injury occurred held not mere regulation as to venue, but requirement of jurisdiction, which must be complied with in order to maintain action.

2. **Master and servant** &#8655;396—District court
of county of injury held without jurisdiction
of suit to set aside award on transfer from
another county (Rev. St. 1925, art. 8307, § 5).

Where suit to set aside award of Industrial Accident Board was originally commenced in county other than that in which injury occurred, contrary to requirement of Rev. St. 1925, art. 8307, § 5, court of proper county did not acquire jurisdiction of case by virtue of order of transfer made from county in which suit was originally commenced, and hence did not err in dismissing suit.

3. **Master and servant** &#8655;396—Defendant's
right to question jurisdiction of court of coun-
ty of injury over transferred suit to set aside
award held not waived (Rev. St. 1925, art.
8307, § 5).

In suit to set aside award of Industrial Accident Board, conduct of defendant in filing plea of privilege to be sued in county where injury occurred under Rev. St. 1925, art. 8307, § 5, held not waiver of right to question jurisdiction of county of injury after order of transfer.

Appeal from District Court, Newton County; V. H. Stark, Judge.

Suit by Mrs. E. S. Tinkle and others against the Lumbermen's Reciprocal Association. From a judgment of dismissal, plaintiffs appeal. Affirmed.

Collins & Collins, of Lufkin, for appellants.
John B. Forse, of Newton, and Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

O'QUINN, J. Appellants filed this suit in the district court of Angelina county, Tex., to set aside an award of the Industrial Accident Board, in which said board denied appellants compensation for the death of E. S. Tinkle, husband and father of appellants, who, appellants claim, was injured while in the employ of the Peavy-Moore Lumber Company in Newton county, Tex., from the effects of which injury he died August 20, 1924.

Appellee filed its plea of privilege to be sued in the county where the injury occurred, as provided by section 5 of article 8307, Revised Civil Statutes 1925, alleging that the injury occurred in Newton county. The plea was sustained, and the cause transferred to the district court of Newton county, Tex.

Thereafter appellee filed a plea to the jurisdiction of the district court of Newton county, challenging the jurisdiction of said court to hear and determine the matter because the suit was originally filed in Angelina county, whereas under the law the suit must be filed in a court of competent jurisdiction in the county where the injury oc-

curred, and that the said injury, if any, occurred in Newton county.

. This plea was sustained, and the cause dismissed. This appeal is from said judgment of dismissal.

[1, 2] Section 5 of article 8307, Revised Civil Statutes, provides that, where any interested party to a claim for compensation being heard and determined by the Industrial Accident Board· is not willing and does not consent to abide by the final ruling and decision of said Board, he shall, within 20 days after the rendition of said final ruling and decision by said board, give notice to the adverse party and to the board that he will not abide by said final ruling and decision, and that he shall, within 20 days after giving such notice, bring suit in some court of competent jurisdiction in the county where the injury occurred, to set aside said final ruling and decision. In Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, our Supreme Court, speaking through Chief Justice Cureton, held: (a) That the rights to be enforced and all the remedies provided therefor in the Workmen's Compensation Act are purely statutory, as distinguished from the common-law rights and remedies; (b) that the general rule is that, where the cause of action and remedy for its enforcement are derived, not from the common law, but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable; (c) that, the Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of an injury to its final adjudication, is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies; (d) that, as to the county where suit to set aside an award may be brought, the statute is clearly mandatory, that the venue provision in section 5 as to setting aside awards is jurisdictional, and that no court, though otherwise competent, has jurisdiction, except one within the territorial limits of the counties designated by the statute. So the rule is settled that the requirement that a suit to set aside awards be brought in a court of competent jurisdiction in the county where the injury occurred is not a mere matter of venue, but one of jurisdiction, which must be complied with or the action is not maintainable. It being mandatory that the suit to set aside an award of the Industrial Accident Board be filed originally in the county where the injury occurred, the district court of Newton county did not acquire jurisdiction of the case by virtue of the order of transfer made by the district court of Angelina county, nor did it err in dismissing the suit. See Mingus v.

Wadley, 115 Tex. 551, 285 S. W. 1084; Oilmen's Reciprocal Association v. Franklin (Tex. Com. App.) 286 S. W. 195; Lumbermen's Reciprocal Association v. Turner (Tex. Civ. App.) 296 S. W. 901; Oilmen's Reciprocal Association v. Youngblood (Tex. Civ. App.) 297 S. W. 255.

[3] Appellants contend that, as the case was pending in the court of proper jurisdiction at the time the plea to the jurisdiction of the district court of Newton county was filed, the most that said plea could raise was to question the regularity of the process by which Newton county had acquired jurisdiction over the subject-matter and parties to the action, and say that the question here presented has not heretofore been decided adversely to their contention. The case of Lumbermen's Reciprocal Association v. Turner, supra, is against appellants' contention. There suit to set aside an award was filed in Harris county and was transferred by plea of privilege to Walker county, just as this case was transferred from Angelina county to Newton county. In that case it was contended that the appellant had waived any right to question the jurisdiction of Walker county to hear and determine the suit, by reason of the fact that it had asked that same be transferred to that county for trial; here the same contention is made. The Texarkana Court of Civil Appeals, speaking through Chief Justice Willson, held that the law as announced in Mingus v. Wadley and Oilmen's Reciprocal Association v. Franklin, supra, settled the question against appellants' contention, and reversed the judgment and dismissed the suit.

The judgment is affirmed.