## FEDERAL UNDERWRITERS EXCHANGE v. PUGH et al.
### No. 2363.

Court of Civil Appeals of Texas. Eastland.
Dec. 10, 1943.

Rehearing Denied Jan. 14, 1944.

Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Smith & Smith, of Anson, for appellees.

GRISSOM, Justice.

This is a workmen's compensation case. John Pugh, a minor, by his next friend, brought this suit against Federal Underwriters Exchange to set aside an award of the Industrial Accident Board and recover compensation for an injury alleged to have been sustained by him in Young County. The suit was filed in Young County. By agreement the case was transferred to the district court of Stephens County and tried there. The case was tried to the court and resulted in a judgment for plaintiff for compensation at the rate of $16.62 a week for a period of 202 weeks. The insurance carrier has appealed.

Appellant presents three points upon which it relies for a reversal of the judgment. The first is that the district court of Stephens County did not have jurisdiction because the employee was injured in Young County.

Upon original consideration of the case we passed upon this point alone. The majority of the court held that a court of a county other than the one in which the employee was injured did not have jurisdiction to try the case. Pending determination of Pugh's motion for rehearing, we certified this question to the Supreme Court. That court answered that the district court of Stephens County did have jurisdiction. Federal Underwriters Exchange v. Pugh et al., Tex.Civ.App., 174 S.W.2d 590.

We shall now pass upon appellant's points not heretofore considered. They are (second) that there is no evidence that plaintiff suffered an accidental injury in the course of his employment which resulted in any incapacity, and (third) that the judgment should be reversed because there is no evidence to sustain a finding of 202 weeks of disability.

We are convinced that there is evidence that appellee sustained an accidental injury in the course of his employment which resulted in some incapacity. We think the testimony of the appellee and his doctors is sufficient to raise that issue.

Under the third point appellant says that appellee's evidence showed a case of total permanent incapacity and appellant's evidence was to the effect that there was no incapacity. Appellant contends that under these circumstances the trial court was not authorized to find, as he did, that appellee was incapacitated for 202 weeks, that the court must believe either the appellant's or the appellee's evidence in toto. The evidence for the appellee was probably sufficient to have authorized a finding by the trial court that he was totally and permanently incapacitated. Appellees' evidence as to the extent of his incapacity came from appellee and two doctors. Appellee, of course, was an interested witness. One of the doctors who testified for the appellee as to the extent of his incapacity was his brother-in-law. The witnesses who testified for appellee as to his injury and the extent of his incapacity were either interested witnesses or were experts testifying as to their opinion. Such testimony was not conclusive. In Guinn v. Coates, 67 S.W. 2d 621, 623, this court, in an opinion by its former Chief Justice Hickman, sustained a verdict for $80 under the following circumstances: a dentist sued his patient for the value of plaintiff's services as a dentist. There was no evidence that the value of the services was $80. Several dentists testified that the value of plaintiff's services was $115. There was no direct evidence that plaintiff's services were of less value. This court said: "It is, therefore, appellant's contention that the jury's finding of $80 was wholly without support in the evidence. With this contention, we are not in agreement. There was evidence as to the value of the material used and as to the length of time required to perform the services. It is peculiarly within the province of the jury to weigh opinion evidence, and the judgment of experts, even when unanimous and without positive contradiction, will not necessarily be conclusive." In Simmonds v. St. Louis, B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332, Simmonds sued the railroad company for damages for killing his mule. Plaintiff testified the value of the mule was $190. There was no other testimony as to the value of the mule. The jury found that the value of the mule was $97.50. The Supreme Court sustained the jury's finding and overruled the contention that the finding that the value of the mule was $97.50 had no support in the evidence. See, also, Houston Belt & Terminal Ry. Co. v. Vogel, Tex.Civ.App., 179 S.W. 268, writ refused; Head v. Hargrave, 105 U.S. 45, 26 L.Ed. 1028; Southland Life Ins. Co. v. Norton, Tex.Com.App., 5 S.W.2d 767, 769; Austin Fire Ins. Co. v. Adams-Childers Co., Tex.Com.App., 246 S.W. 365, 368; Schaff v. Ridlehuber, Tex.

 

Civ.App., 261 S.W. 523, 528; Young v. Blain, Tex.Com.App., 245 S.W. 65, 66; Gulf, C. & S. F. Ry. Co. v. Higginbotham, Tex.Civ.App., 173 S.W. 482, 484; Galveston, H. & S. A. Ry. Co. v. Eckles, 25 Tex.Civ.App. 179, 60 S.W. 830, writ refused.

Our former judgment reversing the judgment of the trial court is set aside; appellee's motion for rehearing is granted; the judgment of the trial court is affirmed.